**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DWAYNE LEVY, | ) | Case No. 1:25-CV-01782 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Jennifer Dowdell Armstrong |
| CITY OF CLEVELAND, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**<u>OPINION AND ORDER</u>**

Plaintiff Dwayne Levy filed this action without a lawyer against the City of Cleveland and Cleveland police officers Dan Holub, Stephen Pratt, and Brandon Radabaugh. According to Plaintiff, Defendants impounded his car on February 8, 2024 after a traffic stop in which they determined that his car had two vehicle identification numbers, one of which was possibly stolen. (ECF No. 25, ¶ 44 & 68, PageID #302 & #306.) Although Plaintiff made efforts to reclaim his vehicle, Defendants did not release it until August 26, 2025, at which point it required serious repairs. (*Id.*, ¶ 89, PageID #309–10.) Pursuant to 42 U.S.C. § 1983, Plaintiff claims that Defendants deprived him of his vehicle in violation of his constitutional rights under the Fourth, Fifth, and Fourteenth Amendments. He seeks compensation for loss of income during the period of deprivation as well as for the costs of car rentals and vehicle repairs.

On August 27, 2025, Plaintiff filed this action without paying the filing fee of $405.00. Instead, he filed an application to proceed *in forma pauperis*. (ECF No. 2.) As part of his application, he completed a sworn statement indicating that his average monthly income during the preceding twelve months was $300, which he earned from St. Edward High School and that his average monthly expenses amounted to $1,900. (*Id.*) He listed the total value of his real estate and other assets as $0. By way of further explanation, Plaintiff included a handwritten note: "I am unable to pay the filing fee at this time due to hardship connected with this case. I am trying to assert my rights that have been violated due to defendants seizing my vehicle that I previously used for income/employment." (*Id.*) A Magistrate Judge granted Plaintiff's motion to proceed *in forma pauperis*. (ECF No. 3.)

Two days later after filing his motion to proceed *in forma pauperis*, on August 29, 2025, Plaintiff filed two bankruptcy petitions in the United States Bankruptcy Court for the Northern District of Ohio. *In re Dwayne Anthony Levy*, No. 25-41092; *In re Dwayne Anthony Levy*, No. 25-13752. In each case, his petition indicated that Mr. Levy owned assets including property located at 2119 Hayford Road, Rock Creek, Ohio valued at $63,727. (ECF No. 40-1, PageID #545.) Also, he reported monthly earnings of $6,250 from work as an Uber rideshare driver, with $1,600 expended on "car rental for work." (*Id.*, PageID #570–71 & #573.) Overall, Plaintiff calculated his monthly expenses as $5,330. (*Id.*, PageID #573–74.) He provided bank statements in support of these estimates. (*Id.*, PageID #576–703.)

On April 29, 2026, Defendants moved to dismiss Plaintiff's complaint because of "material misstatements made by Plaintiff in his affidavit in support of his application for *in forma pauperis* status." (ECF No. 40, PageID #529.) They note that Plaintiff 's financial representations in his application to proceed *in forma pauperis* were materially at odds with representations in his bankruptcy petitions. (ECF No. 40, PageID #530–33.) Also, they provided car rental receipts Plaintiff previously shared with Defendants "as evidence of his claimed damages in this case." (ECF No. 44, PageID #753.) These records indicate that Mr. Levy drove rental cars on behalf of Uber around the time he filed his *in forma pauperis* application (ECF No. 44-1, PageID #779–81).

In response to this motion, Plaintiff acknowledges that his *in forma pauperis* application was inaccurate but urges the Court to overlook that fact. "Due to honest mistakes, accidents, reasonable oversight, and the misunderstanding of various documents, Levy did not complete the fee waiver document perfectly. It was not Levy's intention to mislead the Court or anyone else." (ECF No. 41, PageID #712.) Nonetheless, Mr. Levy filed his application to proceed *in forma pauperis*, which contained statements made under penalty of perjury, just two days before filing for bankruptcy. In these filings, he changed the identification of his employer (St. Edward High School in this case; Uber in bankruptcy), identified real estate in bankruptcy but not this case, and listed monthly income in bankruptcy nearly $6,000 higher than what he disclosed here. These are not oversights or honest mistakes.

Pursuant to 28 U.S.C. § 1915, a court may authorize the commencement of any action without prepayment of filing fees if the litigant submits an affidavit that includes a statement of all assets, income and debt that demonstrates the person is unable to pay the filing fee. 28 U.S.C. § 1915(a)(1). Pauper status does not require absolute destitution; however, it is not a tool for litigants to use to test the waters of legal viability of a complaint before committing to it financially. *Foster v. Cuyahoga Dep't of Health & Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001). The Court takes very seriously a request to proceed *in forma pauperis*, which amounts to a request to litigate at taxpayer expense. It is within a court's discretion to allow a litigant to proceed *in forma pauperis*. *Id.* Proceeding *in forma pauperis* is a privilege, and not a right. *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998).

In addition, 28 U.S.C. § 1915(e)(2)(A) provides in relevant part that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the Court shall dismiss the case at any time if the Court determines that . . . the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A); see also *Redd v. Redmon*, No. 99-6001, 2000 WL 658291, at *1 (6th Cir. May 9, 2000). The Court may dismiss the complaint with or without prejudice if a plaintiff misrepresents his pauper status. *See Ojose v. Youngstown State Univ.*, No. 19-3221, 2019 WL 8301664, at *2 (6th Cir. Dec. 18, 2019); *see also Reyes v. Fishel*, 996 F.3d 420, 425 (7th Cir. 2021) ("Dismissal with prejudice is a permissible sanction where a prisoner has made an untrue allegation of poverty.").

By signing his application to proceed *in forma pauperis*, Mr. Levy declared "under penalty of perjury" that the information in his application is "true and correct." (ECF No. 2, PageID #84.) Then, he submitted an application that contains information materially at odds with the information he presented to the bankruptcy court two days later.

For these reasons, the Court **GRANTS** Defendants' motion to dismiss (ECF No. 40) and **DISMISSES** this action **WITH PREJUDICE**. It may not be reopened even if the Plaintiff later tenders the payment of the full filing fee. Further, the Court will not accept any further filings in this case. Accordingly, the Court **DENIES AS MOOT** all pending motions. (ECF No. 31; ECF No. 34; ECF No. 35; ECF No. 38.) Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal from this decision could not be taken in good faith. Further, the Court **DIRECTS** the Clerk to provide a copy of this Opinion and Order to the United States Bankruptcy Court for the Northern District of Ohio for filing in each of Mr. Levy's cases pending in that court.

**SO ORDERED.**

Dated: August 21, 2026

J. Philip Calabrese
United States District Judge
Northern District of Ohio